FILED
01-23-2018
Clerk of Circuit Court
Racine County
2018CV000768
Honorable Eugene A. Gasiorkiewicz
Branch 2

STATE OF WISCONSIN    CIRCUIT COURT    RACINE COUNTY

**SABRINA VISSER and RANDALL VISSER**
6358 Nature Drive
Racine, WI 53402,

        Plaintiffs,

Case No.

Case Code: 30107

and

**UNITEDHEALTHCARE OF WISCONSIN, INC.**
Statutory Home Office Address:
W1030-1000
10701 W. Research Drive
P.O. Box 26649
Wauwatosa, WI 53226
    c/o Registered Agent for Service of Process:
    CT Corporation System
    301 S. Bedford Street, Suite 1
    Madison, WI 53703,

and

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**
Statutory Home Office Address:
751 Broad Street
Newark, NJ 07102
    c/o Registered Agent for Service of Process:
    CT Corporation System
    301 S. Bedford Street, Suite 1
    Madison, WI 53703,

        Involuntary Plaintiffs,

vs.

**HARTFORD FIRE INSURANCE COMPANY**
Statutory Home Office Address:
1 Hartford Plaza
Hartford, CT 06155
    c/o Registered Agent for Service of Process:
    CT Corporation System
    301 S. Bedford Street, Suite 1
    Madison, WI 53703,

**EXHIBIT 1**

and

**CHICO'S FAS, INC.**
Principal Office:
11215 Metro Parkway
Fort Myers, FL 33966
    c/o Registered Agent for Service of Process:
    Corporate Creations Network Inc.
    4650 W. Spencer Street
    Appleton, WI 54914,

and

**WHITE HOUSE BLACK MARKET, INC.**
Principal Office:
11215 Metro Parkway
Fort Myers, FL 33966
    c/o Registered Agent for Service of Process:
    Corporate Creations Network Inc.
    4650 W. Spencer Street
    Appleton, WI 54914,

        Defendants.

---

## SUMMONS

---

**THE STATE OF WISCONSIN:**

To each person named above as a defendant:

**YOU ARE HEREBY NOTIFIED** that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter §802 of the Wisconsin Statutes, to the Complaint. The

Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is 730 Wisconsin Avenue, Racine, Wisconsin 53403, and to **Schoone, Leuck, Kelley, Pitts & Pitts, S.C.**, Plaintiffs' attorneys, whose address is 6800 Washington Avenue, Post Office Box 085600, Racine, Wisconsin 53408-5600. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you may own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 23rd day of January, 2018.

                **Schoone, Leuck, Kelley, Pitts**
                **& Pitts, S.C.**
                Attorneys for the Plaintiffs, Sabrina Visser
                and Randall Visser

                By: <u>Electronically signed by Mark J. Leuck</u>
                   Mark J. Leuck
                   State Bar No.: 1018359

Schoone, Leuck, Kelley, Pitts
& Pitts, S.C.
P.O. Box 085600
6800 Washington Avenue
Racine, WI 53408-5600
Phone: (262)886-8240
Fax No.: (262)886-5562
E-mail: mjleuck@sbcglobal.net

STATE OF WISCONSIN     CIRCUIT COURT     RACINE COUNTY

FILED
01-23-2018
Clerk of Circuit Court
Racine County
2018CV000768
Honorable Eugene A.
Gasiorkiewicz
Branch 2

Sabrina Visser and Randall Visser,

        Plaintiffs,

and

UnitedHealthcare of Wisconsin, Inc.
and
The Prudential Insurance Company of America,

        Involuntary Plaintiffs,

vs.

Hartford Fire Insurance Company,
Chico's FAS, Inc.,
and
White House Black Market, Inc.,

        Defendants.

Case No.:

Case Code: 30107

---

## COMPLAINT

---

**NOW COME** the Plaintiffs, by and through their attorneys, Schoone, Leuck, Kelley, Pitts & Pitts, S.C., and as and for claims against the Defendants, show to the Court as follows:

### I. Identification of Parties and Statement of Facts

1. The Plaintiffs, Sabrina Visser and Randall Visser, are adults, husband and wife, who reside at 6358 Nature Drive, Racine, WI 53402.

2. The Involuntary Plaintiff, UnitedHealthcare of Wisconsin, Inc. (hereinafter referred to as "UnitedHealthcare"), is a domestic insurance corporation with its

1

statutory home office address as W1030-1000, 10701 W. Research Drive, P.O. Box 26649, Wauwatosa, WI 53226 and its registered agent for service of process being CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

3. The Involuntary Plaintiff, The Prudential Insurance Company of America (hereinafter referred to as "Prudential"), is a foreign insurance corporation licensed to do business in the State of Wisconsin with its statutory home office address as 751 Broad Street, Newark, NJ 07102 and its registered agent for service of process being CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

4. The Defendant, Hartford Fire Insurance Company (hereinafter referred to as "Hartford"), is a foreign insurance corporation licensed to do business in the State of Wisconsin with its statutory home office address as 1 Hartford Plaza, Hartford, CT 06155 and its registered agent for service of process being CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

5. The Defendant, Chico's FAS, Inc. (hereinafter referred to as "Chico's"), is a foreign corporation licensed to do business in the State of Wisconsin with its principal offices located at 1215 Metro Parkway, Fort Myers, FL 33966 and its registered agent for service of process being Corporate Creations Network, Inc., 4650 W. Spencer Street, Appleton, WI 54914.

6. The Defendant, White House Black Market, Inc. (hereinafter referred to as "White House"), is a foreign corporation licensed to do business in the State of

2

Wisconsin with its principal offices located at 11215 Metro Parkway, Fort Myers, FL 33966 and its registered agent for service of process being Corporate Creations Network Inc., 4650 W. Spencer Street, Appleton, WI 54914.

7. That on February 20, 2015, and at times relevant hereto, UnitedHealthcare provided group medical insurance coverage to and on behalf of the Plaintiffs and UnitedHealthcare has made payment of some of the medical expenses incurred by the Plaintiffs for treatment of injuries Sabrina Visser received in the accident of February 20, 2015, which is the subject of this litigation.

8. That UnitedHealthcare, by reason of making payment of some of the Plaintiffs' medical expenses, may have a claim for reimbursement and/or subrogation and is therefore a necessary party to this litigation.

9. That in the event UnitedHealthcare fails to enter a timely and proper appearance in this action, then the Court should enter judgment finding that UnitedHealthcare has waived the right to participate in this litigation and has waived any claim for reimbursement and/or subrogation.

10. That on February 20, 2015, and at times relevant hereto, Prudential provided disability insurance coverage to and on behalf of Sabrina Visser and Prudential has made payment of disability insurance benefits to Sabrina Visser for disability arising out of injuries Sabrina Visser suffered in the accident of February 20, 2015 and Prudential may claim a right of reimbursement and/or subrogation by reason of said payments and is therefore a necessary party to this litigation.

11. That in the event Prudential fails to enter a timely and proper appearance in this

3

action, then the Court should enter judgment finding that Prudential has waived the right to participate in this litigation and has waived any claim for reimbursement and/or subrogation.

12. That on February 20, 2015, and at all times relevant hereto, there was in full force and effect a policy or policies of insurance issued by Hartford to and on behalf of Chico's and White House pursuant to the terms and conditions of which policy or policies of insurance Hartford agreed to pay claims on behalf of Chico's and White House and Hartford further agreed to indemnify Chico's and White House from the claims of the Plaintiffs in this litigation and therefore Hartford is directly liable to the Plaintiffs for all of their injuries, damages, and claims and further, Hartford is jointly and severally liable with Chico's and White House for all of the injuries, damages, and claims of the Plaintiffs as set forth hereafter.

13. That Hartford and Chico's are engaged in substantial, and not isolated, business activity in Racine County, Wisconsin and therefore Racine County, Wisconsin is a proper venue for this action.

14. That on February 20, 2015, Sabrina Visser was a customer of a White House Black Market retail store located in the Mayfair Mall, 2500 N. Mayfair Road, Wauwatosa, Wisconsin.

15. That while Sabrina Visser was shopping on February 20, 2015 in the White House Black Market retail store, merchandise on display in the store fell from a high height onto Sabrina Visser causing Sabrina Visser bodily injury.

16. That the injuries suffered by Sabrina Visser on February 20, 2015 while a

4

customer at the White House Black Market retail store have caused her past pain, suffering, disability, and mental and emotional distress.

17. That it is expected that the injuries suffered by Sabrina Visser in the accident at the White House Black Market retail store will be permanent in nature and she is therefore expected to experience future pain, suffering, disability, and mental and emotional distress.

18. That as a result of the injuries and disability suffered in the accident at the White House Black Market retail store Sabrina Visser has required extensive past medical care and treatment for which she and her husband, Randall Visser, have incurred past medical and treatment expense.

19. By reason of the permanent nature of the injuries and disabilities suffered by Sabrina Visser she is expected to require future medical care and treatment for which she and her husband, Randall Visser, will incur future medical and treatment expense.

20. That as a result of the injuries and disabilities suffered in the accident at the White House Black Market retail store Sabrina Visser has suffered substantial past loss of income and earning capacity.

21. By reason of the permanent nature of the injuries and disability suffered by Sabrina Visser in the accident at the White House Black Market retail store, she will experience future loss of income and earning capacity.

22. That Randall Visser, as husband of Sabrina Visser, has suffered past loss of society, companionship, services, and consortium of his wife.

23. That by reason of the permanent nature of the injuries and disabilities suffered by Sabrina Visser, her husband, Randall Visser, will suffer future loss of society, companionship, services, and consortium of his wife.

**WHEREFORE**, the Plaintiffs request judgment as hereafter set forth.

## II. Claims for Safe Place Violation

24. The Plaintiffs reallege as if set forth and full herein Paragraphs 1 through 23 above.

25. That on February 20, 2015 the White House Black Market retail store located in the Mayfair Mall was owned, operated, and managed by Chico's and White House and their agents and employees.

26. That on, and before February 20, 2015, the White House Black Market retail store located in the Mayfair Mall was subject to the provisions of the Wisconsin safe place statute (Section 101.11, Wisconsin Statutes).

27. That at and before the time Sabrina Visser was injured at the White House Black Market retail store, Chico's and/or White House and their agents and employees violated the Wisconsin safe place statute.

28. That the violation of the Wisconsin safe place statute by Chico's and/or White House and their agents and employees proximately caused the injuries suffered by Sabrina Visser in the White House Black Market retail store on February 20, 2015 and proximately caused all of the injuries, damages, and claims of the Plaintiffs as set forth above.

29. That Chico's and White House and Hartford are therefore legally liable to the

6

Plaintiffs for all of the injuries, damages, and claims set forth above.

**WHEREFORE**, the Plaintiffs request judgment as hereafter set forth.

### III. Claims for Negligence

30. Plaintiff reallege as if set forth and full herein Paragraphs 1 through 29 above.

31. That at and before the time Sabrina Visser was injured at the White House Black Market retail store on February 20, 2015, Chico's, White House, and their agents and employees were negligent.

32. That the negligence of Chico's White House, and their agents and employees proximately caused the injuries Sabrina Visser suffered in the White House Black Market retail store on February 20, 2015 and proximately caused all of the injuries, damages, and claims of the Plaintiffs as set forth above.

33. That Chico's White House, and Hartford are therefore legally liable to the Plaintiffs for all of the injuries, damages, and claims as set forth above.

**WHEREFORE**, the Plaintiffs, Sabrina Visser and Randall Visser, pray for judgment directly against Hartford Fire Insurance Company as well as judgment jointly and severally as against Hartford Fire Insurance Company, Chico's FAS, Inc., and White House Black Market, Inc. jointly and severally as follows:

    1. For fair compensation for the claims of Sabrina Visser in each of the following categories:

        a. Past pain, suffering, disability, and mental and emotional distress;

        b. Future pain, suffering, disability, and mental and emotional distress;

        c. Past medical and treatment expense;

    d.  Future medical and treatment expense;

    e.  Past loss of income and earning capacity; and

    f.  Future loss of income and earning capacity;

2. For fair compensation for the claims of Randall Visser in each of the following categories:

    a.  Past loss of society, companionship, services, and consortium of his wife;

    b.  Future loss of society, companionship, services, and consortium of his wife;

    c.  Past medical and treatment expense of his wife;

    d.  Future medical and treatment expense of his wife;

    e.  His wife's past loss of income and earning capacity; and

    f.  His wife's future loss of income and earning capacity;

3. In the event there are timely and proper appearances by one or both of the Involuntary Plaintiffs, then for payment of any valid and legally enforceable claims for reimbursement and/or subrogation;

4. For the taxable costs, disbursements, and attorneys' fees incurred in this litigation; and

5. For such other and further relief as is just and equitable.

Plaintiffs further request judgment with regard to the Involuntary Plaintiffs as follows:

6. In the event UnitedHealthcare of Wisconsin, Inc. enters a timely and proper appearance in this action for a determination as to the rights and interests of UnitedHealthcare of Wisconsin, Inc., if any, for reimbursement and/or subrogation as against the Defendants in this litigation;

7. In the alternative, if UnitedHealthcare of Wisconsin, Inc. fails to enter a timely and proper appearance in this action, then for judgment finding that UnitedHealthcare of Wisconsin, Inc. has waived the right to

8

participate in this litigation and has waived any potential claim for reimbursement and/or subrogation.

8. In the event The Prudential Insurance Company of American enters a timely and proper appearance in this action for a determination as to the rights and interests of The Prudential Insurance Company of America, if any, for reimbursement and/or subrogation as against the Defendants in this litigation; and

9. In the alternative, if The Prudential Insurance Company of America fails to enter a timely and proper appearance in this action, then for judgment finding that The Prudential Insurance Company of America has waived the right to participate in this litigation and has waived any potential claim for reimbursement and/or subrogation.

Dated this 23rd day of January, 2018.

        **Schoone, Leuck, Kelley, Pitts & Pitts, S.C.**
        Attorneys for the Plaintiffs, Sabrina Visser and Randall Visser


        Electronically signed by Mark J. Leuck
        Mark J. Leuck
        State Bar No.: 1018359

Schoone, Leuck, Kelley, Pitts
& Pitts, S.C.
6800 Washington Avenue
P.O. Box 085600
Racine, WI 53408-5600
Phone:     (262)886-8240
Fax No.:   (262)886-5562
E-mail:    mjleuck@sbcglobal.net